## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

=====================================
AUROHOM D. WIGDER individually and
all other similarly situated consumers


Plaintiff,

-against-


FINANCIAL RECOVERY SERVICES, INC.


Defendant.
=====================================

## CLASS ACTION COMPLAINT

### *INTRODUCTION*

1)      Plaintiff Aurohom D. Wigder files this Complaint seeking redress for the

illegal practices of Defendant Financial Recovery Services, Inc. who, inter alia, used

false, deceptive, and misleading practices, and other illegal practices, in connection

with its attempts to collect an alleged debt from the Plaintiff and others.

### *PARTIES*

2)      At all times relevant to this lawsuit, Plaintiff is a citizen of the State of New

York who resides within this District.

3)      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the

FDCPA.

4)      The alleged debt that Defendant sought to collect from the Plaintiff

-1-

involves a consumer debt.

5)    At all times relevant to this lawsuit, Defendant's principal place of business is located within Edina, Minessota.

6)    Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7)    Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### JURISDICTION & VENUE

8)    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### FACTUAL ALLEGATIONS

10)    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11)    On or about February 8, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12)    Said letter states in pertinent part as follows: **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."**

Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive,

and misleading statements in connection with the collection of a debt.

Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

13)    Advising Plaintiff that Financial Recovery Services, Inc.'s client, Cavalry Portfolio Services, LLC **"IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** is deceptive and misleading in violation of the FDCPA.

Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred…if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

(2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not**

-3-

**required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

14)    It is entirely possible to forgive $600 or more of the debt and yet not be required to file a 1099c.

Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

15)    Advising Plaintiff that The Internal Revenue Service requires that they be notified with information about amounts of $600 or more, the statement **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** is deceptive and misleading in violation of the FDCPA.

16)    The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

17)    Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. The Defendant's statement that: **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited.

Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

18)    Here, there is no basis to conclude that a triggering event has or will occur requiring the creditor to file a Form 1099C.

19)    The gratuitous reference in a collection letter that a collector's client will sent the Plaintiff an IRS Form 1099C for him to include with his income tax, is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

20)    Said letter violated 15 U.S.C. §§ 1692e, and 1692e(10), by falsely representing that **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** Such a statement is objectively false. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

21)    Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

22)    Said letter language is false and deceptive in that it does not explain that the Defendant's client is prohibited from sending the Plaintiff an IRS 1099C Form unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

23) Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

24) Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that 1099C are only issued for principal forgiveness not interest forgiveness.

25) Said letter does not indicate how much of the current debt is interest and how much of it is principal.

26) Said letter fails to disclose to consumers that there is a distinction between principal and interest.

27) The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

28) Said letter violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that its client **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTELMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

29)     Defendant's actions as described herein also violated § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

30)     The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

31)     The Defendant's letter gives consumers objectively false and deceptive tax advice.

32)     The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

33)     The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid

balance.

34)     The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

35)     It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

36)     Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

37)     Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.), Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). Many classes have been certified. See Sledge v. Sands, 1998 WL 525433(class certified), and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

38)     The letter violated 15 U.S.C. § 1692e, by falsely representing that **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** Such a statement is objectively false. If $600 or

more is forgiven it may **not** be reported to the IRS. Said letter is false and deceptive in that it does not explain that it is only under <u>certain limited circumstances</u> that a 1099C Form may be reported to the IRS.

A case precisely on point is <u>Wagner v. Client Servs.</u>, 2009 U.S. Dist. LEXIS 26604, 2009 WL 839073 (E.D. Pa. Mar. 26, 2009). Defendant, Client Services, Inc., sent a letter to Plaintiff regarding a debt allegedly due to Citibank that stated: "If the amount written-off is equal or greater than $600.00, our client is required by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C." Defendant's motion to dismiss denied because: **"By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true." Id.** In <u>Easterling v. Collecto, Inc.</u>, 2011 WL 2730924 (W.D.N.Y. July 12, 2011). The Plaintiff had obtained a federally guaranteed student loan in 1987. Although she successfully completed a chapter 7 bankruptcy in 2001, her outstanding student loan debt was not among the debts discharged. The debt remained outstanding in 2008 when *Collecto*, a collector hired by the Department of Education, sent the plaintiff a form letter stating "****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE**** your account is NOT eligible for bankruptcy discharge and must be resolved." The Plaintiff filed an FDCPA action, contending these statements were false, deceptive or misleading under 15 U.S.C. § 1692e because she could still seek discharge of her student loans by filing a new bankruptcy case or re-opening the 2001 bankruptcy, then filing an adversary

proceeding to show that repayment would impose an undue hardship.

Although the trial court acknowledged that it was "technically possible" for the Plaintiff
to discharge her student loan debt through bankruptcy, that court held that
*Collecto's* statements were "not inaccurate." The court noted that the plaintiff failed
to seek the discharge of her student loan debt in her 2001 bankruptcy and had not
reopened that bankruptcy or filed a new one to seek its discharge. The court also
relied on "the difficult nature of prevailing in an undue hardship adversary
proceeding."

The Second Circuit reversed, recognizing that the plaintiff retained her right to seek to
discharge her student loan in bankruptcy and that her circumstances could change
so that she could meet the undue hardship standard. The court held that *Collecto's*
statement was "false on its face" The Court also found *Collecto's* statement
"fundamentally misleading in that it suggests that the debtor has no possible means
of discharging her student loans in bankruptcy.

The Second Circuit held that despite the "steep procedural and substantive hurdles
standing in the way" of a debtor who seeks to discharge student loans in
bankruptcy, a representation that a student loan debt is "NOT eligible" for a
bankruptcy discharge is both false and misleading under the Fair Debt Collection
Practices Act (FDCPA).

The Second Circuit's reversal reaffirms that the FDCPA's least sophisticated consumer
test is an "objective inquiry" that neither requires a showing of actual deception, nor

pays attention to the circumstances of the particular debtor in question. The court emphasized that the district court's almost exclusive reliance on the plaintiff's individual circumstances was an error. The court instead defined the "operative inquiry" as "whether the hypothetical least sophisticated consumer could reasonably interpret the collection letter…as representing, incorrectly, that the debtor is completely foreclosed from seeking bankruptcy discharge of the debt."

39)     Just like the Second Circuit held in Easterling v. Collecto, Inc., The operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret the Financial Recovery Services, Inc. Letter's statement that; **"THE CREDITOR IS REQUIRED TO REPORT ANY SETTLEMENT AMOUNT EQUAL OR GREATER THAN $600 TO THE IRS."** as representing, incorrectly, that the debtor is completely foreclosed from obtaining a settlement that includes forgiveness of $600.00 or more without the IRS sending the debtor a 1099 (which would create a tax liability) for the debt in question.

40)     The wording used in this letter is false and misleading because according to 26 C.F.R. § 1.6050P-1(d)(3), forgiveness of Interest is not a reportable event and would not require a copy of 1099C to be filed with the IRS. The least sophisticated consumer test is an objective inquiry directed toward "ensuring that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon, 988 F.2d at 1318. The FDCPA does not place considerable – or dispositive – weight on the facts and circumstances surrounding a debtor's background. By its very nature, however, the

least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question. See *Clomon*, 988 F.2d at 1318.

Moreover, not only is the Defendant's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of obtaining a settlement which includes a discharge of $600.00 or more without creating a tax liability.

    41)    This is because the least sophisticated consumer could be led to believe:

That unless the consumer pays the **<u>entire</u>** amount that the letter alleges is owed on the debt, the consumer is going to be reported to the IRS.

That unless the consumer pays the **<u>entire</u>** amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

In addition, the 2nd Circuit has found that Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), <u>Clomon v. Jackson,</u> 988 F.2d 1314,1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.) <u>Russell v. Equifax A.R.S.</u> 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings,

-12-

one of which is inaccurate.  The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

42)    The Defendant's collection letter's capacity to discourage debtors from accepting any settlement that includes forgiveness of $600.00 or more - without the IRS sending the debtor a 1099C- renders its misrepresentation exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. See 15 U.S.C. § 1692(e).

43)    Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members is entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### CLASS ALLEGATIONS

44)    This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45)    The identities of all class members are readily ascertainable from the records of Financial Recovery Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

46)    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Financial Recovery Services, Inc., and all of its respective immediate families, and legal counsel for all

parties to this action and all members of its immediate families.

47) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's actions violate provisions of the Fair Debt Collection Practices Act.

48) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

49) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

50) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal

issues are whether the Defendant's actions violate provisions of the Fair Debt Collection Practices Act.

(c)        **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)        **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)        **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could

establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

51)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

52)     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53)     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

54)     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### *FIRST CAUSE OF ACTION*

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff individually, and the members of a class, as against the Defendant.*

55)     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

-16-

56) Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty six (56) as if set forth fully in this cause of action.

57) This cause of action is brought on behalf of Plaintiff and the members of a class.

58) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Financial Recovery Services, Inc. asserting a debt owed to "Cavalry Portfolio Services, LLC", bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about February 8, 2013; (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(l0), 1692e(5), 1692e(8), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

59) Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

-17-

(c)     The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

 (d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests.   The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

60)     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

61)     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

62)     Collection attempts, such as those made by the Defendant are to be

evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

63)     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a)  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

c)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation: Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

d)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
October 10, 2013

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff requests trial by jury on all issues so triable.

/s/ David Palace_____
David Palace esq. (DP 3855)

-20-